IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLIED TRANSPORT SYSTEM (USA), INC.; CENTURION LOGISTICS MANAGEMENT; CENTURION LOGISTICS SERVICES, LTD.; UNION LOGISTICS, INC.; and DOES 1 through 20,<br><br>        Defendants. | Case No. 10-5586 SC<br><br>ORDER RE PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CENTURION LOGISTICS SERVICES, LTD. |

## I. INTRODUCTION

In this action, Plaintiff Mitsui O.S.K. Lines, LTD. ("Plaintiff" or "Mitsui") sues Defendants Allied Transport System (USA), Inc., ("Allied"), Centurion Logistics Services, LTD. ("Centurion Services"), Centurion Logistics Management ("Centurion Management"), and Union Logistics, Inc. ("Union"), seeking to recover allegedly unpaid ocean freight charges and fraudulent trucking charges. ECF No. 35 ("SAC") ¶ 1. Now before the Court is Plaintiff's Application for Entry of Default against Centurion Services. ECF No. 51. ("Application"). For the following reasons, the Court DEFERS ruling on Plaintiff's Application and ORDERS Plaintiff to submit additional information as set forth below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) governs service of process upon a foreign corporation, partnership or association. Rule 4(h) provides, in pertinent part, that a foreign corporation, partnership, or association may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. Proc. 4(h)(1)(B).

Rule 12 provides, in pertinent part, that a defendant must serve a responsive pleading or motion within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i), 12(a)(4).

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

## III. DISCUSSION

Plaintiff filed the operative Complaint in this action on July 21, 2011. ECF No. 35 ("SAC"). Plaintiff alleges that Centurion Services is a shipping company based in Hong Kong. SAC ¶ 4. Plaintiff has submitted a printout from the Federal Maritime Commission ("FMC") website showing that Centurion Services is registered with the FMC as a non-vessel-operating common carrier

1  located in Hong Kong.  Cicala Supp. Decl. Ex. A.[1]  Plaintiff has
2  also submitted a printout from the FMC showing that Centurion
3  Services has designated as its agent for service of process
4  Washington International Insurance Company, located at 1200
5  Arlington Heights Road, Suite 400, Itasca, Illinois 60143.  Id. Ex.
6  B ("FMC Rule Detail Filing for Centurion Logistics Services, LTD").
7       Plaintiff submitted proof of service showing that copies of
8  the Summons and FAC were served on Washington International
9  Insurance Company at 475 N. Martingale Rd., Suite 850, Schaumburg,
10 Illinois, 60173.  Id. Ex. C ("Proof of Service").  The Court is
11 concerned by the fact that the address where process was served
12 differs from the address for Centurion Services' designated agent
13 on record with the FMC and will not grant Plaintiff's Application
14 absent an explanation for the discrepancy.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

---

[1] Conte C. Cicala ("Cicala"), attorney for Plaintiff, filed a supplemental declaration in support of the Application.  ECF No. 63.

3

**IV. CONCLUSION**

For the foregoing reasons, the Court DEFERS ruling on Plaintiff Mitsui O.S.K.'s Application for Entry of Default against Centurion Logistics Services, LTD. and ORDERS Plaintiff to submit a declaration within fifteen (15) days of this Order explaining the efforts taken, if any, to confirm that service was effected upon the proper agent despite the address discrepancy.

IT IS SO ORDERED.

Dated: December 12, 2011 

UNITED STATES DISTRICT JUDGE