IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | ) Case No. 10-5586 SC |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT |
| | ) UNION LOGISTICS, INC.'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AS TO PLAINTIFF'S CLAIM FOR |
| ALLIED TRANSPORT SYSTEM (USA), | ) ACCOUNTING |
| INC.; CENTURION LOGISTICS | ) |
| MANAGEMENT; CENTURION LOGISTICS | ) |
| SERVICES, LTD.; UNION LOGISTICS, | ) |
| INC.; and DOES 1 through 20, | ) |
| | ) |
| Defendants. | ) |

In this action, Plaintiff Mitsui O.S.K. Lines, LTD. ("Plaintiff" or "Mitsui") sues Defendants Allied Transport System (USA), Inc., ("Allied"), Centurion Logistics Services, LTD. ("Centurion Services"), Centurion Logistics Management ("Centurion Management"), and Union Logistics, Inc. ("Union"), seeking to recover allegedly unpaid ocean freight charges and fraudulent trucking charges. ECF No. 35 ("SAC") ¶ 1.

On September 9, 2011, Union filed a motion for summary judgment. ECF No. 41 ("MSJ"). In its Opposition to Union's MSJ, Plaintiff noted that no discovery had yet taken place between the parties. ECF No. 46 ("Opp'n") at 8-9. Plaintiff argued that, in the event the Court should find Plaintiff's evidence insufficient to defeat summary judgment, the Court should nevertheless deny or

defer ruling on the MSJ pursuant to Federal Rule of Civil Procedure 56(d).[1]  Id.  As required by Rule 56(d), Plaintiff filed a declaration stating its need to conduct discovery in order to more properly oppose Union's MSJ.  ECF No. 53 ("Cicala Decl.").

On November 21, 2011, the Court denied Union's MSJ with respect to all of Plaintiff's claims except its claim for accounting.  ECF No. 62 ("Nov. 21, 2011 Order).  Noting that absolutely no meaningful discovery had taken place between Union and Plaintiff, the Court temporarily deferred ruling on Plaintiff's claim for accounting.  Id. at 11.  However, the Court noted that the Cicala Declaration failed to specify what discovery Plaintiff sought in support of its accounting claim and how such information would preclude summary adjudication of that claim.  See Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (Rule 56(d) requires the nonmovant to state "what information is sought and how it would preclude summary judgment.").[2]  The Court granted Plaintiff fifteen days' leave to file a supplemental declaration curing the deficiency and stated that summary judgment would be granted as to the accounting claim if Plaintiff failed to do so.  November 21, 2011 Order at 11.

Plaintiff filed a supplemental declaration on December 6, 2011.  ECF No. 67.  ("Supp. Cicala Decl.").  The Supplemental

---

[1] Under Federal Rule of Civil Procedure 56(d)(1), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then the Court may deny or defer ruling on the motion.

[2] At the time Margolis was issued, Rule 56(d) was listed as Rule 56(f). However, as the Advisory Committee Notes to the 2010 Amendments to Rule 56 note, "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)."

1  Cicala Declaration more clearly sets forth the information
2  Plaintiff seeks through discovery to support its accounting claim.
3  <u>Id.</u> at 3.  Accordingly, pursuant to Rule 56(d), the Court DENIES
4  Union's MSJ as to Plaintiff's accounting claim.

    IT IS SO ORDERED.

Dated: December 12, 2011   
                                  UNITED STATES DISTRICT JUDGE