IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | ) Case No. 10-5586 SC |
| ) | |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| ) APPLICATION FOR ENTRY OF | |
| v. | ) DEFAULT |
| ) | |
| ALLIED TRANSPORT SYSTEM (USA), INC.; CENTURION LOGISTICS MANAGEMENT; CENTURION LOGISTICS SERVICES, LTD.; UNION LOGISTICS, INC.; and DOES 1 through 20, | ) ) ) ) ) |
| ) | |
| Defendants. | ) |
| | ) |

This Court now considers for the second time an application for entry of default filed by Plaintiff Mitsui O.S.K. Lines, Ltd. ("Mitsui"), concerning Defendant Centurion Logistics Services, Ltd. ("CLS"). ECF No. 51 ("Appl."). For the reasons set forth below, the Court ORDERS the Clerk of the Court to enter default against Defendant Centurion Logistics Services, Ltd.

The Court addressed this Application in an earlier Order. ECF No. 68 ("Order"). There, the Court expressed concerns about the adequacy of service upon Defendant, id. at 3, whom Mitsui alleges to be a foreign business, id. at 2. Mitsui has supplied a printout from the Federal Maritime Commission listing Washington International Insurance Company ("WIIC") as CLS's agent for service of process. ECF No. 65 ("FMC printout"). The FMC printout lists

an Itasca, Illinois, address for WIIC, and further states that if CLS's designated agent cannot be served due to, among other things, "unavailability," "the Secretary of the Federal Maritime Commission will be deemed to be [CLS's] legal agent for service of process."

The Court previously noted that while the FMC printout gives an Itasca address for WIIC, Mitsui served WIIC in Schaumburg, Illinois. Order at 3. Accordingly, the Court deferred ruling on Mitsui's application and ordered Mitsui to file a declaration explaining the discrepancy within fifteen days of the Order. Id. at 4.

Ten days later, Mitsui's counsel filed a declaration explaining that WIIC moved from Itasca to Schaumburg sometime before Mitsui's process server first attempted to effect service. ECF No. 79 ("Cicala Decl.") ¶ 6. The process server, knowing about the move, attempted service only at WIIC's Schaumburg address. Id. There, WIIC refused service. Id. Mitsui then attempted to serve CLS through the FMC, which also refused service. Id. ¶ 7. Mitsui's counsel then attempted to confirm WIIC's address by consulting the website for the State of California's Department of Insurance, which provided the same Schaumburg address where WIIC had initially refused service. Id. ¶ 8. Mitsui's counsel directed the process server to make a second attempt in Schaumburg; this time, WIIC accepted service. Id. ¶ 9. Mitsui has filed a proof of service asserting that a copy of the summons and operative complaint were mailed to WIIC at their Schaumburg address on September 26, 2011. Id. (citing ECF No. 66).

///

///

1    Pursuant to Federal Rule of Civil Procedure 4(h),[1] the Court
2 finds that, by serving CLS's designated agent for service of
3 process and mailing to the agent a copy of the summons and
4 operative complaint, Mitsui perfected service on CLS on September
5 26, 2011.  CLS has not served any responsive pleadings or motions
6 within the 21 days provided by Rule 12.  Accordingly, the Court
7 finds, pursuant to Rule 55(a), that CLS has failed to plead or
8 otherwise defend.[2]

9    For the foregoing reasons, the Court hereby ORDERS the Clerk
10 of the Court to enter default against Defendant Centurion Logistics
11 Services, Ltd.

13    IT IS SO ORDERED.

15    Dated: January 25, 2012



Judge Samuel Conti

---

[1] Rule 4(h) provides, in pertinent part, that a foreign corporation, partnership, or association may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

3