IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., ) | Case No. 10-cv-5586-SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING APPLICATION |
| ) | FOR DEFAULT JUDGMENT |
| v. ) | |
| ) | |
| ALLIED TRANSPORT SYSTEM (USA), ) | |
| INC.; CENTURION LOGISTICS ) | |
| MANAGEMENT; CENTURION LOGISTICS ) | |
| SERVICES, LTD.; UNION LOGISTICS, ) | |
| INC.; and DOES 1 through 20, ) | |
| ) | |
| Defendants. ) | |

## I.     INTRODUCTION

Now before the court is Plaintiff Mitsui O.S.K. Lines, Ltd.'s ("Plaintiff") Application for Default Judgment against Defendant Centurion Logistics Services, Ltd. ("Defendant").[1]  ECF No. 133 ("Appl."). In this Order, the Court reconsiders Plaintiff's Application after ordering it to prove service on Defendant. See Order Denying Appl. at 1-2.  Defendant has neither appeared in this action nor opposed Plaintiff's Application.  Pursuant to Civil

---

[1] All other named defendants in this matter have been dismissed, so Plaintiff seeks default judgment against Defendant as the only remaining defendant in the case. See ECF No. 141 ("Order Denying Appl.").

Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument.

For the reasons explained below, the Court GRANTS Plaintiff's unopposed application for default judgment against Centurion, ENTERS default judgment against Centurion, and AWARDS Plaintiff money damages in the full amount sought: $1,918,348.60.

**II.  BACKGROUND**

Plaintiff is an ocean carrier and common carrier of goods for hire between the United States and foreign ports. ECF No. 35 ("SAC") ¶ 3. Defendant is a non-vessel operating common carrier. Id. ¶ 4. Plaintiff alleges that it had contracted with Defendant to ship goods to and from the United States and foreign ports at various times between December 2008 and June 2010. Id. ¶¶ 8-11. All of the shipping arrangements between Plaintiff and Defendant were governed by an array of bills of lading, tariffs, and service contracts ("Agreements"). Id. The Agreements required Defendant to pay Plaintiff the entire amounts of freight due under the Agreements for each shipment. See id.

After a long period of nonpayment, Plaintiff sued Defendant for $918,348.60 in unpaid contractual fees under the Agreements. See id. ¶ 21. Separately, Plaintiff alleges that Defendant fraudulently caused Plaintiff to pay more than $1,000,000 in trucking charges as part of the shipping arrangements it had made with Plaintiff under the Agreements. Id. ¶¶ 27-35.

Defendant never appeared in this action, and the Clerk of Court entered default at the Court's direction on January 25, 2012. ECF No. 88 ("Jan. 25 Order"); ECF No. 89 ("Entry of Default").

2

Plaintiff filed the instant Application on September 7, 2012. On December 27, 2012, the Court denied the Application because Plaintiff did not file proof that it had served Defendant with the Application. Order Denying Appl. at 1-2. The Court required Plaintiff to file the requested proof within twenty-one days of that order's signature date, and allowed ten days from the date of such service for Defendant to file a response. Id. at 2. Plaintiff filed the requested proof and Defendant did not respond. See ECF No. 142 ("Proof of Service"). Accordingly, Plaintiff now moves for entry of default judgment against Defendant.

### III. LEGAL STANDARD

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default judgment is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of a plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

## IV. DISCUSSION

### A. Procedural Requirements

Before the Court may consider whether to exercise its discretion to enter default judgment, it must be satisfied that the procedural prerequisites, including adequate service of process, have been met. See, e.g., PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Here, they have. The Court has already ruled that Plaintiff perfected service on Defendant in this action as of September 26, 2011. Jan. 25 Order at 3. The only deficiency in Plaintiff's application was a failure to file proof that the Application had been served on Defendant. Order Denying Appl. at 2. Plaintiff has now shown that the Application and the Court's order denying Plaintiff's first Application were properly served on Defendant, and Defendant has still not appeared in this action. ECF No. 142. Moreover, Defendant, as a corporate entity, is not "a minor or incompetent person," and is not otherwise precluded from having default judgment entered against it. Fed. R. Civ. P. 55(b)(2). Nor does

4

the default judgment sought against Centurion "differ in kind from, or exceed in amount" what Plaintiff demanded in its Second Amended Complaint. Fed. R. Civ. P. 54(c).

The Court concludes that the procedural requisites of entering default judgment are satisfied here and therefore proceeds to considering whether to exercise its discretion to enter default judgment against Centurion in light of the Eitel factors.

### B.  Eitel Factors

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting Plaintiff's Application.

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, 238 F. Supp. 2d at 1177. In general, where default has been entered against a defendant, a plaintiff has no other alternative by which to recover damages. Id. Therefore, the Court finds Plaintiff would be prejudiced if default judgment is not granted.

The second and third Eitel factors require that a plaintiff's allegations state a claim upon which it can recover. In the instant action, Plaintiff claims that Defendant breached the terms of its Agreements with Plaintiff by failing to accurately label the contents of shipments, which resulted in underpayment to Plaintiff because the Agreements set rates based partly on the shipments' contents. Plaintiff further claims that Defendant misrepresented to Plaintiff the place of receipt of hundreds of shipments, thus inducing Plaintiff to pay for additional overland shipping that allegedly never occurred. Plaintiffs' allegations are sufficient to state claims for breach of contract under the Shipping Act, as

5

well as misrepresentation.  Accordingly, the Court finds that the second and third Eitel factors weigh in favor of default judgment.

As to the fourth Eitel factor, the Court must consider "the amount of money at stake in relation to the seriousness of defendant's conduct."  PepsiCo, 238 F. Supp. 2d at 1176.  Here Plaintiffs seek a total of $1,918,348.60, no mean sum.  However, Plaintiff's damages are consistent with the amount owing under the Agreements, since $918,348.60 of the total is based on the fees Defendant was required to pay Plaintiff, and the remaining $1,000,000 comes from the fraudulent trucking fees that Defendant tricked Plaintiff into paying, all amounts that Plaintiff proves through documentation and declaration of its employees.  See SAC ¶¶ 22-35; ECF No. 134 ("Gaskins-Kennedy Decl.") (totaling unpaid fees); ECF Nos. 135-36 ("Minck Decls.") (totaling fraudulent trucking charges).  The Court finds that this factor weighs in favor of the entry of default judgment.

With respect to the fifth Eitel factor, the material facts of the instant case are not reasonably likely to be subject to dispute.  Plaintiff has pled factual allegations and provided declarations supporting both their liability and damages claims.  Additionally, as the Court may assume the truth of the facts pled in the Complaint (except with respect to damages) after the clerk's entry of default, it is unlikely that any genuine issue of material fact exists.  See Geddes, 559 F.2d at 560.  Defendant's failure to answer Plaintiff's complaint or respond to Plaintiff's Application for Default Judgment further supports this conclusion.  Thus, the Court finds that this factor weighs in favor of entry of default judgment.

As to the sixth factor, there is no support for finding that Defendant's default is due to excusable neglect. Defendant was served with the complaint and summons in this action over a year ago and has yet to enter an appearance. In such circumstances, default cannot be attributed to excusable neglect. See Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). The Court finds that this factor supports entry of default judgment.

The final Eitel factor, underscoring the policy favoring decisions on the merits, does not save this action from default judgment. This policy is not dispositive and "Defendant's failure to answer Plaintiff['s] Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 11.

**C.   Damages**

Plaintiff seeks damages based on Defendant's unpaid fees and fraudulent trucking charges. Plaintiff must "prove up" these damages with evidence. Orange Co. Elec. Ind. Health & Welfare Trust Fund v. Moore Elec. Contracting, Inc., No. 11-CV-00942-LHK, 2012 WL 1623236, at *2 (N.D. Cal. May 8, 2012).

After reviewing the Application and the evidence submitted, the Court finds that the amount sought by Plaintiff is appropriate. Plaintiff provided adequate evidence supporting the amount of unpaid fees owing under the Agreements prior to the filing of the instant action, including a declaration from Frances Gaskins-Kennedy, Plaintiff's outside auditor in charge of auditing the Agreements and accounts of Plaintiff and Defendant. Gaskins-Kennedy Decl. ¶¶ 1-9. Ms. Gaskins-Kennedy's declaration includes an explanation of the auditing process that led to the discovery of

1 | Defendant's unpaid fees.  Id.  Plaintiff also included a
2 | declaration from Warrin Minck, Plaintiff's senior internal auditor,
3 | who examined Plaintiff's documents related to the fraudulent
4 | trucking shipments and provided the total amount Plaintiff paid for
5 | the fraudulent shipments.  Minck Decl. ¶¶ 1-9, Exs. A-G.  These
6 | documents comport with the amount Plaintiff requests in its
7 | Application and are sufficient to prove up Plaintiff's damages.

### D. Remaining Issues

Prior to issuing this Order, the Court requested that Plaintiff also provide briefing on issues of joint and several liability, as well as the possibility that this judgment could result in double recovery based on the Court's findings of fact and conclusions of law in two recently decided cases, 10-cv-05591-SC (the "'91 Case") and 11-cv-02861-SC (collectively the "Decided Cases"), against other defendants for claims similar to those Plaintiff asserted against Defendant in this matter.  ECF No. 145. The Court reviewed Plaintiff's and Decided Cases Defendants Seamaster Logistics and Summit Logistics International's briefs on those issues.  ECF No. 146; '91 Case ECF No. 217.  The Court is satisfied that entering default judgment in the amount requested here will not result in a double recovery for Plaintiff.  However, the Court declines to find joint and several liability among Defendant in this matter and any defendants in the Decided Cases, since Plaintiff provides no legal justification for doing so.  To find such liability when those defendants did not litigate this issue would be a breach of due process.

///
///

## V. CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff Mitsui O.S.K. Lines, Ltd.'s Application for Default Judgment against Defendant Centurion Logistics Services, Ltd., ENTERS default judgment against Defendant, and AWARDS Plaintiff money damages in the full amount sought: $1,918,348.60.

IT IS SO ORDERED.

Dated: June 7, 2013

_____
UNITED STATES DISTRICT JUDGE